IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK ANTHONY ADELL,

                            Plaintiff,                          OPINION AND ORDER

v.

                                                                  12-cv-452-wmc

JUDY SMITH, CATHY JESS,
and COLLEEN JANIKOWSKI,

                            Defendants.

---

      Plaintiff Mark Anthony Adell, who is currently incarcerated by the Wisconsin Department of Corrections at the Oshkosh Correctional Institution, brings this proposed civil action pursuant to 42 U.S.C. § 1983, alleging that the defendants are impeding his constitutional right to access the courts. Adell has already been found eligible to proceed *in forma pauperis* for purposes of 28 U.S.C. § 1915(b), and made an initial partial payment of the filing fee, but this court is also required by the Prison Litigation Reform Act to screen his complaint and to dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. For reasons set forth briefly below, the court must deny Adell leave to proceed on his claims as alleged.

ALLEGATIONS OF FACT

      In addressing any *pro se* litigant's pleadings, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this

order, the court accepts plaintiff's well-pleaded allegations as true and assumes the following probative facts: [1]

- At all times relevant to his complaint, Adell was confined as an inmate at the Oshkosh Correctional Institution ("OSCI"). The defendants are Judy Smith, Cathy Jess, and Colleen Janikowski. Smith is Warden of OSCI, where Janikowski works as a "business manager." Jess is an administrator with the Wisconsin Department of Corrections in Madison.

- Adell is currently in prison as a result of a 2004 conviction for three counts of burglary of a dwelling in Milwaukee County Case No. 2002CF1089. The circuit court denied Adell's motion for post-conviction relief on January 28, 2005. On June 10, 2005, the Wisconsin Court of Appeals affirmed that decision. *Adell v. State*, No. 2005AP379.

- On June 8, 2008, Adell filed a motion to modify his sentence. The circuit court denied that motion three days later. On August 12, 2008, the court of appeals affirmed. *Adell v. State*, 2007AP1423. Adell filed a petition for review by the Wisconsin Supreme Court. That petition was denied on October 16, 2008.

- On December 3, 2008, Adell filed a petition for eligibility to participate in an earned release program. The circuit court denied that motion on the same day it was filed and denied Adell's subsequent motion for reconsideration on December 22, 2008. On January 26, 2010, the court of appeals affirmed that decision. *Adell v. State*, No. 09AP18CR.

- On March 15, 2010, Adell filed yet another motion for post-conviction relief, which the circuit court denied on May 17, 2010. On September 7, 2011, the court of appeals affirmed that decision. *Adell v. State*, No. 2010AP1616.

- In June and September 2011, Adell asked Smith and Janikowski for some "scribe materials he needed to file a petition for certiorari review with the Wis[consin] Supreme Court," regarding this last denial by the court of appeals in No. 2010AP1616. Adell's requests were denied. Adell explains that he was indigent and unable to procure "basic scribe materials" on his own. He was also unable to seek pro

---

[1] Because plaintiff's claims concern his underlying criminal case, the court has supplemented the facts with dates and procedural information from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited August 17, 2013) and the Wisconsin Supreme Court and Court of Appeals Access, http://wscca.wicourts.gov (last visited August 17, 2013). The court draws all other facts from the complaint and any attached exhibits, which are deemed part of that pleading. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

2

- bono counsel to assist him. Without scribe materials, he was ultimately unable to timely file and serve his petition for review in the supreme court.

- In March 2011, Adell filed a civil suit against Warden Smith in Winnebago County Case No. 2011CV547, alleging interference with his right to access to courts. The circuit court granted the defendant's motion to dismiss and closed the case on August 2, 2011. On May 7, 2012, Smith and Janikowski denied Adell's request for scribe materials that he needed to file and serve briefs in a pending appeal in No. 2011AP1891. On December 3, 2012, this appeal was dismissed.

- Adell contends that Smith and Janikowski violated his constitutional right to access the courts by refusing him scribe materials. Smith and Janikowski reportedly denied the requests pursuant to a prison policy "implemented and published" by defendant Jess in DOC DAI Policy 309.51.01.

- Adell seeks injunctive relief in the form of a court order directing defendants basic scribe materials. He also seeks compensatory and punitive damages.

OPINION

Adell seeks relief for civil rights violations pursuant to 42 U.S.C. § 1983. To establish liability under § 1983, a plaintiff must establish that (1) he had a constitutionally protected right; (2) he was deprived of that right in violation of the Constitution; (3) the defendant intentionally caused that deprivation; and (4) the defendant acted under color of state law. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989). While Adell invokes the constitutional right to access the courts, he falls short in every other respect.

Certainly, prison inmates have a constitutional right to access the courts. *See Christopher v. Harbury*, 536 U.S. 403 (2002); *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977). The right of access to the courts includes the right to have "basic scribe materials," such as paper and writing utensils. *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995). Still, the right of access for prisoners is not unlimited. The right encompasses only a reasonably adequate opportunity to file "nonfrivolous" legal claims

3

challenging their convictions, directly or collaterally, and their conditions of confinement. *See Lewis*, 518 U.S. at 351-55. In that respect, inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id*. at 355. Apart from a legitimate challenge to an inmate's conviction or conditions of confinement, "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*

Court records disclose that Adell has numerous felony convictions from Milwaukee County. Since 1994, Adell has filed 27 civil actions in state circuit court and 28 appeals in the Wisconsin Court of Appeals and the Wisconsin Supreme Court. He has also filed five civil actions in federal court.

Adell's contention that he was nevertheless denied a meaningful opportunity to challenge his 2004 conviction for burglary of a dwelling (three counts) in Milwaukee County Case No. 2002CF1089 is belied by the litigation history set forth above. In 2005, Adell filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06, alleging sixteen claims for ineffective assistance of counsel concerning his trial attorney's performance. The circuit court rejected each claim. Adell filed an appeal, but voluntarily dismissed that proceeding after the Office of the State Public Defender was appointed to represent him.

In 2007, Adell filed a second post-conviction motion regarding this same 2004 conviction pursuant to Wis. Stat. § 974.06, seeking a modification in his sentence and raising another claim that his trial counsel performed ineffectively. The circuit court denied that motion and the Wisconsin Court of Appeals affirmed that decision. *See State v. Adell*, No. 2007AP1423. The Wisconsin Supreme Court denied Adell's petition for review and the

4

Eastern District of Wisconsin denied Adell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Adell v. Jenkins*, No. 08-cv-993, 2008 WL 5099591 (Nov. 26, 2008).

Court records reflect that Adell's appeal in No. 2010AP1616 concerned another post-conviction motion for a new trial pursuant to Wis. Stat. § 974.06, challenging the same underlying conviction for burglary. In that motion -- his third -- Adell argued that he was entitled to relief because he was denied effective assistance of counsel and because the circuit court failed to consider his claim of "newly discovered evidence." Noting that Adell had filed at least two prior motions for postconviction relief from his burglary conviction, the Wisconsin Court of Appeals held that his ineffective-assistance claims were procedurally barred by Wis. Stat. § 974.06(4), which precludes second or successive requests for relief that could have been raised previously. *See State v. Adell*, No. 2010AP1616, ¶¶ 7-10 (Sept. 7, 2011) (per curiam). The state court of appeals also declined to address Adell's claim of newly discovered evidence, which consisted of a challenge to evidence showing that his fingerprints were discovered at the crime scene, because Adell submitted no argument in support of his claim. *See id*. 2010AP1616, ¶ 13.

While Adell maintains that he was then denied the opportunity to pursue a petition for review with the Wisconsin Supreme Court in Appeal No. 2010AP1616 on this third unsuccessful collateral attack on his conviction, it is not enough to allege that a prisoner's access to courts was impeded by the lack of writing supplies. "[T]o satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury." *In re Maxy*, 675 F.3d 658 660-61 (7th Cir. 2012) (per curiam) (citing *Casey*, 518 U.S. at 353; *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("That right [to access courts] is violated when a prisoner is deprived of such access and suffers actual injury as a result."). In that

5

respect, a prisoner "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *Maxy*, 675 F.3d at 661 (citing *Harbury*, 536 U.S. at 415 ("[E]ven in forward-looking prisoner class actions to remove roadblocks to future litigation, the named plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim."); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied.")) (citation omitted).

Adell makes no effort to show that he was denied the ability to file a *legitimate* challenge to his underlying conviction or sentence, nor that he was prevented from filing a *nonfrivolous* claim concerning the conditions of his confinement. The court records referenced by Adell show that all of his proposed claims were rejected by the Wisconsin Court of Appeals as procedurally barred or inadequately briefed. Adell did not and cannot propose any non-frivolous basis for overcoming these procedural hurdles on certiorari review to the Wisconsin Supreme Court from a third failed and essentially redundant collateral attack on his state court conviction. Considering the number of cases that he has filed in state court, which include multiple challenges to this underlying conviction, Adell also does not otherwise demonstrate that he has been meaningfully denied access to courts. On the contrary, the records shouts that the State of Wisconsin has been generous (if anything, too generous) in affording Adell scribe materials to pursue his largely frivolous lawsuits. Because his allegations do not articulate a constitutional violation, Adell's complaint must be dismissed for failure to state a claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Mark Anthony Adell's request for leave to proceed is DENIED and his complaint is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

3. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly installments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the state prison where plaintiff is in custody, advising the warden of his obligation to deduct payments from plaintiff's inmate trust fund account until the filing fee has been paid in full.

Entered this 20th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge